IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00174-CR

 

Andrew King Sloane,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No 1

McLennan County, Texas

Trial Court # 20003519CR1

 



MEMORANDUM 
Opinion



 








            A
jury convicted Andrew King Sloane of driving while intoxicated.  The trial court sentenced him to 180 days in
jail, probated for twelve months, a $2,000 fine and $3,910 in restitution.  We affirm.

Background

 

          Sloane
was involved in an accident at the intersection of Bagby and the Highway 6
access road in McLennan
 County, Texas.  He
struck another vehicle and rolled his Ford Excursion several times.  At the scene, witnesses and police determined
Sloane was intoxicated.

Sufficiency of the Evidence

          Sloane
first contends that the evidence to support his conviction was both legally and
factually insufficient.

          A
"legal sufficiency of the evidence review does not involve any weighing of
favorable and non-favorable evidence." 
Margraves v. State, 34 S.W.3d
912, 917 (Tex. Crim. App. 2000) (citing Cardenas
v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)).  Instead, a legal-sufficiency review calls upon
the reviewing court to view the relevant evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Id.  See also Jackson v. Virginia, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979) (emphasis in original); Mason v. State, 905 S.W.2d 570, 574
(Tex. Crim. App. 1995).  We consider both
direct and circumstantial evidence as well as evidence improperly
admitted.  Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

In reviewing a challenge to the factual
sufficiency of the evidence, we must view all the evidence without the prism of
the “in the light most favorable to the prosecution” construct.  See
Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).

There is only one question to be answered in a
factual-sufficiency review: Considering all of the evidence in a neutral light,
was a jury rationally justified in finding guilt beyond a reasonable
doubt?  However, there are two ways in
which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand.  This standard
acknowledges that evidence of guilt can “preponderate” in favor of conviction
but still be insufficient to prove the elements of the crime beyond a
reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

Zuniga
v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (footnote omitted).

          We
must also remain cognizant of the factfinder’s role and unique position—one
that the reviewing court is unable to occupy. 
Johnson, 23 S.W.3d at 9.  The jury determines the credibility of the
witnesses and may “believe all, some, or none of the testimony.”  Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  It is the jury that accepts or rejects
reasonably equal competing theories of a case. 
Goodman v. State, 66 S.W.3d
283, 287 (Tex. Crim. App. 2001).  A decision is not factually insufficient as
to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State.  Cain v. State, 958 S.W.2d 404, 410 (Tex.
Crim. App. 1997).

          Two
eye-witnesses, Larry Blaine and John Plemmons, testified that Sloane was
speeding and driving aggressively as he approached the intersection.  They stated that at the intersection, Sloane
attempted to turn, clipped another vehicle, a van, on its back, left side, and
rolled two or three times.  Both
witnesses said they stopped to help and saw Sloane emerge, angry, from his
vehicle.  Blaine testified that Sloane smelled like liquor.  Plemmons testified that Sloane’s speech was
slurred, that Sloane stumbled, and that he pushed away a woman who looked like
a nurse and was trying to help him.  Both
Blaine and Plemmons testified that they believed Sloane was intoxicated.

          Brad
Schronk, a Waco police officer, responded to the accident.  He testified that he smelled alcohol on Sloane’s
breath and administered two field sobriety tests on Sloane, which Sloane
failed.  One of the tests administered
was the Horizontal Gaze Nystagmus test. 
Schronk testified that Sloane exhibited two of the six clues for
intoxication.

          Sloane
and his wife testified on Sloane’s behalf. 
They both testified that Sloane used a hand sanitizer because of his job
and that he had a bottle with him at the time of the accident.  They both also testified that Sloane had not
been drinking and did not abuse alcohol. 
A friend of Sloane’s testified that he had seen Sloane at a store prior
to the accident and that Sloane was not intoxicated.  Sloane’s wife testified that Sloane’s father
had recently died, and that they had just returned home from the funeral the
day before.  Sloane admitted that he was
speeding and that he was passing several slow moving cars.  He stated he swerved to avoid hitting a blue
Mustang.  Sloane testified that his
astigmatism and injuries from a prior accident contributed to his poor performance
on the sobriety tests.  He also stated
that he refused a breathalyzer test at the jail because he was angry.

          We
have reviewed all the evidence in a neutral light and find it was within the
province of the jury to choose between reasonably equal competing theories of
the case.  The determination turns on the
credibility of the witnesses, and we will not disturb it.

          Sloane’s
first issue is overruled.

Opinion Testimony

          Sloane
also complains that the trial court erred by permitting John Plemmons, an eye witness
to the accident, to testify that he thought Sloane was intoxicated.  Specifically, Sloane contends that because
Plemmons is a former police officer, this was improper expert testimony.  

A complaint about the admission of evidence is
reviewed under an abuse of discretion standard. 
Montgomery v.
State, 810 S.W.2d 372, 378
(Tex. Crim. App. 1990).  If evidence is
admissible for any purpose, we will sustain the trial court’s ruling even if
that purpose was not asserted at trial and even if the court gave the wrong
reason for admitting the evidence.  Najar v. State, 74 S.W.3d 82, 86 (Tex.
App.—Waco 2002, pet. dism’d).  “Rule of
Evidence 701 permits the admission of lay opinion testimony when the witness’s
opinion is ‘(a) rationally based on the perception of the witness and (b)
helpful to a clear understanding of the witness’ testimony or the determination
of a fact in issue.’”  Webster v. State, 26 S.W.3d 717, 724
(Tex. App.—Waco 2000, pet. ref’d); Tex.
R. Evid. 701.

Plemmons testified that he thought Sloane was
intoxicated because of what he had witnessed: 
Sloane speeding, “clipping a vehicle, jumping a curb, rolling three
times, getting out…pushing a nurse away after an accident, having slurred
speech, and stumbling around.”  Although
Plemmons did have law enforcement training, his opinion was not offered as
expert testimony.  Nothing in the record
suggests that the trial court abused its discretion by allowing this lay
opinion testimony.

Sloane’s second issue is overruled.




Conclusion

Having overruled both issues for review, the
trial court’s judgment is affirmed.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

(Justice
Vance dissents with a note:  “In my view,
Sloane has demonstrated that, although it may preponderate in favor of the
jury’s finding, the evidence on the element of ‘the introduction of alcohol
into the body’ does not meet the beyond-a-reasonable-doubt standard when viewed
in a neutral light.  Zuniga v. State, No. 539-02, 2004 WL 840786 *7 (Tex. Crim. App. April 21, 2004).”).

Affirmed

Opinion
delivered and filed July 28, 2004

Do
not publish

[CR25]